UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEDASIA SHIPPING LTD.,

       Plaintiff,

- against -

ORIENT SHIPPING ROTTERDAM,

       Defendant.
------------------------------------------------------------X

07 CIV 9925

## VERIFIED COMPLAINT

Plaintiff, MEDASIA SHIPPING LTD., (hereafter referred to as "Medasia" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, ORIENT SHIPPING ROTTERDAM ("OSR" or "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States Code § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of Mauritian law and was at all material times the disponent owner[1] of the motor vessel "NAN SHAN" (hereinafter the "Vessel").

---

[1] A 'disponent owner' controls the commercial operations of a vessel having taken the vessel on charter from the registered owner of the vessel. The disponent owner usually time charters the vessel from the registered owner and then sub-charters the vessel to charterers.

3. Upon information and belief, Defendant OSR was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of the Netherlands with place of business at Rotterdam, and was at all material times the Charterer of the Vessel.

4. By a charter party dated December 22, 2006, Plaintiff time chartered the Vessel to Defendant for the carriage of cargo.

5. Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the charter party.

6. A dispute arose between the parties regarding payment of hire due and owing under the charter party contract.

7. As a result of such dispute, Plaintiff has sustained damages in the total principal amount of $136,566.16, exclusive of interest, arbitration costs and attorneys fees.

8. Despite demand, OSR has failed to pay the amounts due and owing under the charter party.

9. Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in London subject to English law.

10. This action is brought in order to obtain jurisdiction over OSR and also to obtain security for Medasia's claims and in aid of arbitration proceedings.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim: | $136,566.16; |
| B. | Estimated interest on claim - 2 years at 6.5% compounded quarterly: | $18,769.39; |
| C. | Estimated arbitration costs: | $15,000.00; and |
| D. | Estimated attorneys' fees and expenses: | $40,000.00. |
| **Total:** | | **$210,335.49.** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$210,335.49** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

4

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:   Southport, CT
         November 9, 2007

                              The Plaintiff,
                              MEDASIA SHIPPING LTD.

                              By: _____
                              Charles E. Murphy  (CM 2125)
                              LENNON, MURPHY & LENNON, LLC
                              420 Lexington Avenue, Suite 300
                              New York, NY 10170
                              (212) 490-6050 - phone
                              (212) 490-6070 - facsimile
                              cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         November 9, 2007

_____
Charles E. Murphy